UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| HAIDER ABDULRAZZAK,<br><br>    Plaintiff,<br><br> vs.<br><br>CHARISSA WAREMBOURG, in her individual capacity; ANGELIA M. GRIES, in her individual capacity; KARL THOENNES, in his individual capacity; MINNEHAHA COUNTY, in its individual and official capacity; CITY OF SIOUX FALLS, in its individual and official capacity,<br><br>    Defendants. | 4:22-CV-04099-KES<br><br><br>ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND 1915 SCREENING ORDERING SERVICE |

Plaintiff, Haider Abdulrazzak, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. Abdulrazzak moves for leave to proceed in forma pauperis and included a financial affidavit. Docket 2.

## I.  Motion for Leave to Proceed in Forma Pauperis

A federal court may authorize the commencement of any lawsuit without prepayment of fees when an applicant submits an affidavit stating he or she is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915(a)(1). "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." *Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000). But in forma pauperis status is a privilege, not a right. *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987) (citation omitted). Determining whether an applicant

is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the sound discretion of the district court. *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983). After review of Abdulrazzak's financial affidavit, the court finds that he has insufficient funds to pay the filing fee. Thus, Abdulrazzak's motion for leave to proceed in forma pauperis (Docket 2) is granted.

## II.   1915 Screening

### A.   Factual Background

The facts alleged in Abdulrazzak's complaint are: that while incarcerated at the Mike Durfee State Prison, Abdulrazzak sent a notice to appeal a state court decision on May 10, 2016, in order for it to be timely received "on or before May 23, 2016[.]" Docket 1 at 5. He claims that "[t]he prison mail-room staff failed to process [his] mail to the court to be received timely." *Id.* He claims that when prison mailroom staff properly mail his legal filings, they are received by the court within three days of mailing. *Id.* He also claims that the Minnehaha County Clerk of Court, Angelia M. Gries, and/or the Minnehaha County Court Administrator, Karl Thoennes, failed to stamp his appeal as received on the date it reached the court. *Id.* at 2-3, 5. Abdulrazzak alleges that Gries and/or Thoennes instead only stamped the appeal as received when the circuit court judge signed a notice. *Id.* He alleges that a previous appeal to the same court, mailed on May 30, 2013, was "not filed until it was signed by the judge on June 18, 2013." *Id.*

Abdulrazzak alleges that the city of Sioux Falls and/or Minnehaha County "failed to supervise or in the alternative train or establish policy" that would instruct court employees to file appeals when they are received. *Id.* He alleges that the city of Sioux Falls and/or Minnehaha County also failed to take corrective action when they knew or reasonably should have known of an ongoing problem. *Id.* He alleges that these actions have violated his First and Fourteenth Amendment rights, including his rights to access the courts, to freedom of speech, and to petition the government. *Id.* Abdulrazzak states that he lost his case because it was dismissed as untimely. *Id.* at 6. He states that the cause for this action did not arise until the United States Supreme Court denied him a certificate of certiorari on October 5, 2020. *Id.* at 5.

Abdulrazzak claims that he "suffered depression, embarrassment, and other mental and emotional damages" as a result of his case's dismissal. *Id.* at 6. He asks this court for "[d]amages as [they] may be determined in later stages." *Id.*

### B.    Legal Background

The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004) (citation omitted). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); *see also Ellis v. City of*

*Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam) (citation omitted).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). If it does not contain these bare essentials, dismissal is appropriate. *See Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985) (citation omitted) (explaining that a district court does not err when it dismisses a claim based on vague allegations or unsupported generalizations). *Twombly* requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true[.]" *Twombly*, 550 U.S. at 555 (internal citation omitted); *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (noting that a "complaint must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory" (citing *Twombly*, 550 U.S. at 553-63)).

When a district court determines a plaintiff is financially eligible to proceed in forma pauperis under 28 U.S.C. 1915(a), the court must then determine whether the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B). *See Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982) (per curiam); *see also Key v. Does*, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016). The court must dismiss claims if they "(i) [are] frivolous or malicious; (ii) fail[] to state a claim on which relief may be granted; or (iii) seek[]

4

monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The court will now assess each individual claim under 28 U.S.C. § 1915.

### C. Legal Analysis

#### 1. Claims Against the City of Sioux Falls

Abdulrazzak brings claims against the City of Sioux Falls. Docket 1 at 4. "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). A municipal government may only be sued "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy," deprives a plaintiff of a federal right. *Id.*; *see also Clay v. Conlee*, 815 F.2d 1164, 1170 (8th Cir. 1997) (finding that "the [governmental] entity's official 'policy or custom' must have 'caused' the constitutional violation" in order for that entity to be liable under § 1983).

Here, Abdulrazzak makes no claims regarding policies or customs of the City of Sioux Falls. Although he alleges that the City of Sioux Falls "either failed to train its employees or to properly supervise them[,]" he only describes the actions of employees of the state of South Dakota[1] in his complaint. *See*

---

[1] The court takes judicial notice of the fact that the Minnehaha County Clerk of Court and the Minnehaha County Court Administrator are employees of the South Dakota Unified Judicial System and are thus employees of the state of South Dakota. *See* S.D. Const. art. V, § 11 (explaining that "[t]he chief justice [of the South Dakota Supreme Court] is the administrative head of the unified judicial system" and that "[d]uties of clerks shall be defined by Supreme Court rule").

Docket 1 at 2-3, 5. Thus, his claims against the City of Sioux Falls are dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

### 2. Claims Against Minnehaha County

Abdulrazzak brings claims against Minnehaha County. *Id.* at 3. As above, these claims require that "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy," deprived Abdulrazzak of a federal right. *See Monell*, 436 U.S. at 694. Abdulrazzak alleges that Second Judicial Circuit Court employees at the Minnehaha County Courthouse follow an unconstitutional policy or custom. *See* Docket 1 at 2-3, 5. But these employees are employees of the state of South Dakota, and the Second Judicial Circuit is a state entity. *See* S.D. Const. art. V, § 11. Thus, Abdulrazzak's claims against Minnehaha County are dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

### 3. Individual Capacity Claims

"Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

> Thus, each Government official . . . is only liable for his or her own misconduct. As we have held, a supervising officer can be liable for an inferior officer's constitutional violation only if he directly participated in the constitutional violation, or if his failure to train or supervise the offending actor caused the deprivation.

*Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) (cleaned up). Abdulrazzak's individual capacity claims must allege that each individual defendant either

participated in the unconstitutional conduct or caused the conduct to occur through a failure to train or supervise the offending actor.

      **a.**    **First Amendment Right to Petition the Government Claims, First Amendment Freedom of Speech Claims, and Fourteenth Amendment Claims Against Warembourg, Gries, and Thoennes**

Abdulrazzak brings claims against Charissa Warembourg, Gries, and Thoennes in their individual capacities for violation of his First Amendment right to petition the government, his First Amendment right to freedom of speech, and his Fourteenth Amendment rights. Docket 1 at 2-3, 5. Abdulrazzak makes no claims regarding these rights other than those related to his right to access the courts. *See id.* at 5.

The Supreme Court has explained that "[t]he right of access to courts for redress of wrongs is an aspect of the First Amendment right to petition the government." *Borough of Duryea v. Guarnieri*, 564 U.S. 379, 387 (2011) (quoting *Sure–Tan, Inc. v. NLRB*, 467 U.S. 883, 896-97 (1984)). Also, "the rights of speech and petition share substantial common ground. . . . [T]he right to speak and the right to petition are 'cognate rights.' " *Id.* at 388 (quoting *Thomas v. Collins*, 323 U.S. 516, 530 (1945)). Thus, Abdulrazzak's First Amendment right to petition the government claims and free speech claims are best construed as First Amendment access to the courts claims. *See id.* To the extent that Abdulrazzak brings separate First Amendment claims for violation of his right to petition the government and his right to free speech against

7

Warembourg, Gries, and Thoennes in their individual capacities, those claims are dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

Abdulrazzak does not specify the Fourteenth Amendment rights he believes have been violated or how any defendant has violated those rights. *See* Docket 1 at 5. The Supreme Court has described "the basis of the constitutional right of access to courts" as "unsettled[.]" *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). In *Christopher*, the Supreme Court noted that past decisions "have grounded the right of access to courts" in a variety of constitutional rights, including the Fourteenth Amendment Equal Protection and Due Process clauses. *Id.* at 415 n.12 (citations omitted). This court construes Abdulrazzak's Fourteenth Amendment claims as a further attempt to bring his access to the court claims because he only alleges facts regarding a denial of his right to access the courts. *See* Docket 1 at 5. These claims are best construed as First Amendment access to the courts claims. *See Borough of Duryea*, 564 U.S. at 387 (citing *Sure–Tan, Inc.*, 467 U.S. at 896-97). Thus, Abdulrazzak's Fourteenth Amendment claims against Warembourg, Gries, and Thoennes in their individual capacities are dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

    **b. First Amendment Access to the Courts Claim Against Warembourg**

Abdulrazzak brings a First Amendment access to the courts claim against Warembourg, the Mike Durfee State Prison mailroom supervisor. Docket 1 at 2, 5. Construing his complaint liberally, he claims that

8

Warembourg failed to supervise mailroom employees, resulting in mailroom staff failing to timely send his mail to the court. *See id.* at 5. One requirement for a failure to train or supervise claim against an individual defendant is that the supervising officer "demonstrated deliberate indifference to or tacit authorization of the offensive acts" after receiving notice of a pattern of unconstitutional acts. *Otey v. Marshall*, 121 F.3d 1150, 1155 (8th Cir. 1997) (quotation omitted).

Here, Abdulrazzak fails to allege facts sufficient to state a claim for failure to train or supervise against Warembourg in her individual capacity. Although he alleges that Warembourg's failure to supervise mailroom employees caused his appeal to be untimely received, he makes no claim that Warembourg had notice that his legal mail was being sent out late, nor does he claim that Warembourg was deliberately indifferent to or had tacitly authorized the late sending of legal mail. *See* Docket 1 at 5. Instead, he only claims that prison mailroom staff failed to send his legal mail in a timely manner. *See id.* Thus, Abdulrazzak's failure to supervise claim against Warembourg in her individual capacity for violation of his First Amendment right to access the courts is dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

Further, Abdulrazzak makes no claim that Warembourg directly participated in the delay of his legal mail. *See id.* Thus, to the extent that Abdulrazzak brings a First Amendment access to the courts claim against Warembourg in her individual capacity for her own direct involvement, this claim is dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

### c. First Amendment Access to the Courts Claim Against Gries and Thoennes

Abdulrazzak brings a First Amendment access to the courts claim against Gries and Thoennes in their individual capacities. Docket 1 at 2-3, 5. "The Constitution guarantees prisoners a right to access the courts." *White v. Kautzky*, 494 F.3d 677, 679 (8th Cir. 2007). To succeed on a claim for denial of access to the courts, a plaintiff must show that he suffered actual injury as a result of the defendants' actions. *Lewis v. Casey*, 518 U.S. 343, 349 (1996). In order to satisfy the actual injury requirement, a plaintiff must "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." *Johnson v. Missouri*, 142 F.3d 1087, 1089 (8th Cir. 1998) (quoting *Lewis*, 518 U.S. at 353).

Here, Abdulrazzak alleges facts sufficient to state a claim for violation of his First Amendment right to access the courts against Gries and Thoennes in their individual capacities. He alleges that Gries and Thoennes failed to stamp his notice of appeal on the date it was received and instead waited until the circuit court judge signed the notice. *See* Docket 1 at 5. Abdulrazzak claims that his appeal was then dismissed as untimely because of this action, satisfying the actual injury requirement of *Lewis*. *See id.*; 518 U.S. at 349. Thus, Abdulrazzak's First Amendment access to the courts claim against Gries and Thoennes in their individual capacities survives § 1915 screening.

### d.     Conspiracy Claim

Abdulrazzak alleges that he was denied access to the court "due to each defendant . . . conspiring with each other[.]" Docket 1 at 5. To plead a civil conspiracy under § 1983, Abdulrazzak must show "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action to be taken; (4) the commission of one or more unlawful overt acts; and (5) damages as the proximate result of the conspiracy." *Livers v. Schenck*, 700 F.3d 340, 360-61 (8th Cir. 2012) (quoting *In re Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig.*, 113 F.3d 1484, 1498 (8th Cir. 1997)). Abdulrazzak does not allege that any of the defendants had reached an agreement or that they had a meeting of the minds. *See Reasonover v. St. Louis County*, 447 F.3d 569, 582 (8th Cir. 2006); *Murray v. Lene*, 595 F.3d 868, 870 (8th Cir. 2010). Thus, his conspiracy claim against Warembourg, Gries, and Thoennes in their individual capacities is dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

Thus, it is ORDERED:

1. That Abdulrazzak's motion for leave to proceed in forma pauperis (Docket 2) is granted.

2. That Abdulrazzak's First Amendment access to the courts claim against Gries and Thoennes in their individual capacities survives § 1915 screening.

3. That all of Abdulrazzak's claims against all remaining defendants are dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

4. That the Clerk of Court shall send blank summons forms and Marshal Service Forms (Form USM-285) to Abdulrazzak so that he may cause the complaint to be served upon defendants Gries and Thoennes.

5. That Abdulrazzak shall complete and send the Clerk of Court a separate summons and USM-285 form for defendants Gries and Thoennes. Upon receipt of the completed summons and USM-285 forms, the Clerk of Court will issue the summons. If the completed summons and USM-285 forms are not submitted as directed, the complaint may be dismissed.

6. The United States Marshal Service shall serve the completed summonses, together with a copy of the complaint (Docket 1) and this order, upon defendants Gries and Thoennes.

7. Defendants Gries and Thoennes will serve and file an answer or responsive pleading to the complaint on or before 21 days following the date of service or 60 days if the defendants fall under Fed. R. Civ. P. 12(a)(2) or (3).

8. Abdulrazzak will keep the court informed of his current address at all times. All parties are bound by the Federal Rules of Civil Procedure and by the court's Local Rules while this case is pending.

Dated November 1, 2022.

        BY THE COURT:

        /s/ *Karen E. Schreier*
        KAREN E. SCHREIER
        UNITED STATES DISTRICT JUDGE