UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| HAIDER ABDULRAZZAK,<br><br>                    Plaintiff,<br><br>     v.<br><br>CHARISSA WAREMBOURG, in her<br>individual and official capacity;<br>ANGELIA M. GRIES, in her individual<br>and official capacity; KARL THOENNES,<br>in his individual and official capacity;<br>the CITY OF SIOUX FALLS;<br>MINNEHAHA COUNTY; JOHN DOE[S],<br>in their individual and official capacity;<br>and JANE DOE[S], in their individual<br>and official capacity,<br><br>                    Defendants. | 4:22-CV-04099<br><br><br><br>ORDER GRANTING MOTION TO<br>DISMISS |

Plaintiff, Haider Abdulrazzak, filed this lawsuit *pro se* pursuant to 42

U.S.C. § 1983. Dockets 1, 19. Two of the defendants, Angelia M. Gries and

Karl Thoennes, move to dismiss Abdulrazzak's claims on the grounds that

Abdulrazzak fails to state a claim on which relief can be granted and the

action is barred by the applicable statute of limitations. Docket 21. For the

following reasons, defendants Gries and Thoennes's motion is granted, and

Abdulrazzak's remaining claims against the other defendants are dismissed

with prejudice.

## BACKGROUND

In 2011, Abdulrazzak was convicted in South Dakota state court of multiple counts of possessing, manufacturing, or distributing child pornography. *Abdulrazzak v. Bd. of Pardons & Paroles*, 940 N.W.2d 672, 674 (S.D. 2020); *see State v. Abdulrazzak*, 828 N.W.2d 547 (S.D. 2013). Abdulrazzak was sentenced to a term of twenty-one years in prison, with thirteen years suspended. *Bd. of Pardons and Paroles*, 940 N.W.2d at 674. He was later paroled and released. *Id.* The South Dakota Board of Pardons and Paroles (the Board) revoked Abdulrazzak's parole on April 13, 2017. *Id.* The Board served notice of its decision on Abdulrazzak at Mike Durfee State Prison in Springfield on April 21, 2017. *Id.* The Minnehaha County Clerk of Court received Abdulrazzak's notice of appeal of the Board's decision on May 25, 2017. *Id.* The Board moved to dismiss Abdulrazzak's appeal as untimely, which motion was granted by the circuit court on June 28, 2018. *Id.* On March 4, 2020, the Supreme Court of South Dakota affirmed the circuit court's dismissal of Abdulrazzak's appeal as untimely. *Id.* at 678. The United States Supreme Court subsequently denied Abdulrazzak's petition for writ of certiorari on October 5, 2020. *Abdulrazzak v. S. Dakota Bd. of Pardons and Paroles*, 141 S. Ct. 290 (2020).

On July 25, 2022, Abdulrazzak filed a complaint asserting claims against Charissa Warembourg, Mike Durfee State Prison Mailroom Supervisor, in her individual capacity; Angelia M. Gries, Minnehaha County Clerk of Courts, in her individual capacity; Karl Thoennes, Minnehaha County Court

Administrator, in his individual capacity; Minnehaha County; and the City of Sioux Falls. Docket 1 at 2–4. Abdulrazzak alleged that defendants conspired with one another to deny his First and Fourteenth Amendment rights of access to courts, freedom of speech, and to petition the government, and that those rights were violated when prison mailroom staff failed to process his appeal in a timely fashion. *Id.* at 3, 5.

Abdulrazzak filed a motion for leave to proceed in forma pauperis. Docket 2. The court granted Abdulrazzak's motion to proceed in forma pauperis screened the complaint under 28 U.S.C. § 1915(e)(2)(B). Docket 5. In doing so, the court dismissed Abdulrazzak's conspiracy claims without prejudice because Abdulrazzak did not allege facts to show that any of the defendants reached an agreement or that there was a meeting of the minds. *Id.* at 11. The court also dismissed Abdulrazzak's claims against Minnehaha County and the City of Sioux Falls. *Id.* at 5–6, 11. Abdulrazzak's First and Fourteenth Amendment denial of access to courts claim against Warembourg was also dismissed. *Id.* at 8–9, 11. Only Abdulrazzak's First Amendment denial of access to courts claims against Gries and Thoennes survived screening. *Id.* at 10–11.

Abdulrazzak filed a motion for leave to amend the complaint, which the court granted. Dockets 13, 18. In his amended complaint, Abdulrazzak again alleges that his First and Fourteenth Amendment right of access to the courts was violated when mail-room staff failed to process his appeal in a timely fashion. Docket 19 at 4, 6. He argues that he is entitled to relief under 42 U.S.C. § 1983 for the deprivation of these rights. *Id.* at 3. The amended

3

complaint asserts claims against Charissa Warembourg, Mike Durfee State Prison Mailroom Supervisor, in her individual and official capacities; Angelia M. Gries, Minnehaha County Clerk of Courts, in her individual and official capacity; Karl Thoennes, Minnehaha County Court Administrator, in his individual and official capacity; Minnehaha County; the City of Sioux Falls; John Doe, Mike Durfee State Prison mailroom staff, in his individual and official capacity; and Jane Doe, Mike Durfee State Prison mailroom staff, in her individual and official capacity. *Id.* at 2–5.

Gries and Thoennes move to dismiss the amended complaint[1] on the grounds that Abdulrazzak's claims are barred by the statute of limitations and because Abdulrazzak fails to state a claim upon which relief can be granted. Docket 21. Abdulrazzak opposes Gries and Thoennes's motion. Docket 23. Defendants filed a reply to Abdulrazzak's response to their motion. Docket 24. Abdulrazzak responded to Gries and Thoennes's reply. Docket 27.

Abdulrazzak also moves for discovery seeking the identities of John Doe and Jane Doe, "[p]rison mail-room employees and named defendants." Docket 29 at 1. Gries and Thoennes oppose the motion for discovery on the grounds that a motion to dismiss is pending before the court, and because Gries and Thoennes are employees of the South Dakota Unified Judicial System and their attorneys do not represent any of the government entities that may employ the

---

[1] Gries and Thoennes's motion to dismiss refers to the complaint, but their memorandum in support of their motion to dismiss makes clear that they are moving to dismiss the amended complaint. *See* Docket 21 at 1; Docket 22 at 1–2.

Doe defendants. Docket 30. Abdulrazzak filed a reply to Gries and Thoennes's opposition to his discovery motion. Docket 31. Abdulrazzak then filed a motion to strike his reply to the Gries and Thoennes's response to his discovery motion. Docket 32.

## LEGAL STANDARDS

The court must assume as true all facts well pleaded in the complaint. *Est. of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). *Pro se* and civil rights complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004) (citation omitted). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam) (citation omitted).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). If it does not contain these bare essentials, dismissal is appropriate. *See Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985) (citation omitted) (explaining that a district court does not err when it dismisses a claim based on vague allegations or unsupported generalizations). *Twombly* requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of

5

the allegations in the complaint are true[.]" *Twombly*, 550 U.S. at 555 (internal citation omitted); *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (noting that a "complaint must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory" (citing *Twombly*, 550 U.S. at 553–63)). Dismissal with prejudice under Rule 12(b)(6) is proper "when amendment of a complaint would be futile." *Knowles v. TD Ameritrade Holding Corp.*, 2 F.4th 751, 758 (8th Cir. 2021).

When a district court determines a plaintiff is financially eligible to proceed in forma pauperis under 28 U.S.C. § 1915(a), the court must dismiss claims permitted to proceed in forma pauperis if at "any time" the court determines that the plaintiff's claims "(i) [are] frivolous or malicious; (ii) fail[] to state a claim on which relief may be granted; or (iii) seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

Before the court is Gries and Thoennes's motion to dismiss Abdulrazzak's claims against them. Docket 21. Although Gries and Thoennes's motion does not address the claims against their co-defendants, the court is required to screen Abdulrazzak's claims on an ongoing basis. *See* 28 U.S.C. § 1915(e)(2)(B). Thus, in the interest of judicial economy, the court in a single order addresses the claims challenged by the motion to dismiss and screens the remaining claims from the amended complaint under 28 U.S.C. § 1915(e)(2).

6

## I.      Abdulrazzak's motion to strike

As a preliminary matter, the court addresses Abdulrazzak's motion to strike. Docket 32. The court may, on its own motion or by motion of a party, "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter[.]" Fed. R. Civ. P. 12(f). Here, Abdulrazzak appears to have mistakenly refiled his initial response to the motion to dismiss. *See* Docket 23; Docket 31; Docket 32 at 1. Thus, Abdulrazzak's motion to strike (Docket 32) is granted.

## II.     Abdulrazzak's conspiracy claims against all defendants

In the amended complaint, Abdulrazzak reasserts that defendants "individually or by conspiring with each other" denied him access to the courts. Abdulrazzak's conspiracy claim against Warembourg, Gries, and Thoennes in their individual capacities was dismissed in the court's screening order because Abdulrazzak failed to allege specific facts showing that there was an agreement or meeting of the minds between the defendants. Docket 5 at 11. The amended complaint does not allege any additional facts supporting that a meeting of the minds took place. *See* Docket 19 at 6. For reasons to follow, the alleged conspiracy claim is also necessarily outside of the statute of limitations period. *See infra* Section III.A–B. To the extent that the amended complaint asserts conspiracy claims against any of the defendants, those claims are dismissed with prejudice under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B)(ii).

### III.     Abdulrazzak's claims against Gries and Thoennes

Gries and Thoennes argue that Abdulrazzak's claims against them in their individual and official capacities are barred because more than three years have passed since the date of the alleged constitutional deprivation. Docket 22 at 5–6. They argue that the statute of limitations began running on the date in 2017 that Abdulrazzak's appeal of his parole revocation was not timely received. *Id.* at 6. Abdulrazzak argues that the statute of limitations period began to run on October 5, 2020, the date that the United States Supreme Court denied certiorari. Docket 23 at 3. Later, Abdulrazzak in his "sur-reply to defendant's motion" suggests that the statute of limitations period began running on March 4, 2020, the date that the Supreme Court of South Dakota affirmed the circuit court's dismissal of his appeal. *See* Docket 27 at 3–4; *Bd. of Pardons and Paroles*, 940 N.W.2d at 678.

Section 1983 does not "contain[] a specific statute of limitations[,]" but "[t]he Supreme Court has instructed courts to apply the most analogous state statute of limitations to [§ 1983] claims[.]" *Bell v. Fowler*, 99 F.3d 262, 265–66 (8th Cir. 1996). "In South Dakota, a specific statute provides that civil rights actions must be brought within three years after the alleged constitutional deprivation occurred or the action will be barred." *Id.* at 266 (citing SDCL § 15-2-15.2).

### A.     When Abdulrazzak's claims accrued

Even though the statute of limitations is determined by reference to state law, "[t]he question of when a federal cause of action accrues is based on

8

federal law." *Strizheus v. City of Sioux Falls*, 664 F. Supp. 3d 937, 955 (D.S.D. 2023). "Section 1983 claims accrue 'when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief.' " *Humphrey v. Eureka Gardens Pub. Facility Bd.*, 891 F.3d 1079, 1081–82 (8th Cir. 2018) (quoting *Wallce v. Kato*, 549 U.S. 384, 388 (2007) (cleaned up)). This occurs when "the plaintiff knows or has reason to know of the injury which is the basis of his action." *Haltom v. Parks*, 2018 WL 1033488, at *2 (D. Neb. Feb. 21, 2018) (citing *Johnson v. Johnson Cnty. Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991)); *see also Marrero–Gutierrez v. Molina*, 491 F.3d 1, 5–6 (1st Cir. 2007) ("A claimant is deemed to 'know' or 'learn' of a discriminatory act at the time of the act itself and not at the point that the harmful consequences are felt."). The inquiry into whether a "complete and present cause of action" exists turns on "the specific constitutional right alleged to have been infringed." *Reed v. Goertz*, 598 U.S. 230, 235–36 (2023).

Under the court's screening order, Abdulrazzak was permitted to proceed forward only on his First Amendment access to the courts claims against Gries and Thoennes in their individual capacities. Docket 5 at 11. "To prove a violation of the right of meaningful access to the courts, a prisoner must establish the state has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim." *White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007). "[I]n order to satisfy the injury-in-fact requirement, a

plaintiff must 'demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded.' " *Johnson v. Missouri*, 142 F.3d 1087, 1089 (8th Cir. 1998) (quoting *Lewis v. Casey*, 518 U.S. 343, 353 (1996)).

Abdulrazzak argues that his cause of action for denial of access to the courts did not accrue until either March 4 or October 5, 2020. Docket 23 at 3; Docket 27 at 3–4. Abdulrazzak conflates the actual injury requirement in § 1983 cases alleging denial of access to courts with a requirement of finality on appeal in the underlying litigation, the forfeiture of which constitutes the injury. *See* Docket 27 at 2–5. No such requirement exists, and none of the cases cited by Abdulrazzak support that a cause of action for denial of access to the courts cannot be brought until all appeals challenging the dismissal of the underlying legal claim are resolved. *See* Docket 23 at 3–4; Docket 27 at 2–5; *Wright v. O'Nembo*, 2006 WL 3857487, at *3 (E.D. Pa. Dec. 28, 2006) (holding that in a case where the plaintiff alleged that a state court judge violated his constitutional rights by denying him oral argument in state proceeding, the plaintiff could not claim injury without a "conclusive final judgment" in the *still active* state court litigation).

Defendants, on the other hand, argue that that the statute of limitations for Abdulrazzak's claims runs from the date of the last overt act by defendants that caused Abdulrazzak's harm. Docket 22 at 5. They cite *Buford v. Tremayne*, 747 F.2d 445 (8th Cir. 1984), in support of this proposition and argue that the last act which could "theoretically support a claim of constitutional deprivation

. . . had to have occurred sometime in 2017 prior to the untimely filing of Abdulrazzak's Notice of Appeal." Docket 22 at 5–6.

*Buford* concerned a former Missouri state court judge who brought a civil rights action alleging that state officials and the press conspired to remove him from office. 747 F.2d at 446. The Eighth Circuit ultimately affirmed the district court's determination that the statute of limitations began "to run from the occurrence of the last overt act resulting in damage to the plaintiff." *Id.* at 448. But in *Buford,* the court considered when the claim accrued in a *conspiracy* action brought under § 1983. *Id.* Here, all of Abdulrazzak's conspiracy claims have been dismissed, and the court is only considering his causes of action for *denial of access to the courts. See supra* Section II; *see also* Docket 5 at 10–11. Thus, when the "last overt act" by defendants occurred is not determinative of when the statute of limitations period began to run.

Defendants also rely on *Lown v. Brimeyer*, 956 F.2d 780 (8th Cir. 1992) to make the argument that Abdulrazzak's claim is time barred. Docket 24 at 3. In *Lown*, the Eighth Circuit held that a plaintiff's § 1983 suit alleging unconstitutional deprivation of due process by a prison disciplinary action was barred by the statute of limitations where the prisoner had exhausted his state court remedies prior to filing in federal court, by which time the statute of limitations period had passed. 956 F.2d at 781–82. The court in *Lown* found that the statute of limitations barring that plaintiff's § 1983 action was not tolled by action of state or federal law. *Id.* The court also found that the plaintiff's cause of action accrued once the challenged prison discipline became

administratively final, *not* at the time of the conclusion of his state court appeal challenging the prison discipline. *Id.* at 782.

Unlike in *Lown*, where the underlying injury alleged by the plaintiff was the subject of the merits of the state court action and occurred prior to the action's commencement, Abdulrazzak's alleged injury is the procedural default of the state court action itself. *See id.* at 781–82; Docket 19 at 6. Here, the dispute lies in whether the injury occurred prior to or at the time of the adverse legal ruling caused by the constitutional violation, or when that ruling was confirmed on appeal. Still, *Lown* supports the proposition that the point at which a § 1983 claim accrues is not dependent on the outcome of subsequent appeals, but rather occurs when the plaintiff is injured by agency action. *See Lown*, 956 F.2d at 782.

In *Morales v. City of Los Angeles*, 214 F.3d 1151 (9th Cir. 2000), the Ninth Circuit considered a circumstance much closer to that presented by Abdulrazzak's claims. In *Morales,* the plaintiffs brought a § 1983 suit alleging denial of access to the courts based on police misconduct that caused them to lose their prior lawsuits. *Morales*, 214 F.3d at 1152. The Ninth Circuit considered whether those plaintiffs' claims accrued at the time they lost the prior lawsuits, or at the time those losses were upheld on appeal. *Id.* at 1154. The Ninth Circuit held that the plaintiffs' § 1983 claims accrued at the time "the alleged police misconduct resulted in judgments being entered against them[]" and not at the time of "subsequent judicial verification of the injury." *Id.* Thus, the plaintiffs' claims were barred by the statute of limitations. *Id.*

To rule on Gries and Thoennes's motion to dismiss, the court does not need to decide whether Abdulrazzak's claim accrued in May of 2017 or June 28, 2018. Instead, the court holds that Abdulrazzak's § 1983 claim accrued no later than June 28, 2018, the date that the circuit court dismissed his appeal and at which point he certainly knew that his appeal had been "frustrated" or "impeded." *See Lewis*, 518 U.S. at 353; *Bd. of Pardons & Paroles*, 940 N.W.2d at 674. When the circuit court dismissed Abdulrazzak's appeal as untimely, Abdulrazzak "knew or had reason to know that the alleged misconduct actually caused concrete injury[,]" and "[t]he possibility that a subsequent appellate reversal of the judgments might moot the cause of action does not affect the analysis." *Morales*, 214 F.3d at 1154.

Abdulrazzak filed the complaint on July 25, 2022. Docket 1. This is more than four years after his appeal was dismissed by the circuit court on June 28, 2018. *See Bd. of Pardons and Paroles*, 940 N.W.2d at 674. Thus, Abdulrazzak's claim was brought outside of the three-year statute of limitations period.

### B.    Whether the statute of limitations was tolled

Next, the court considers whether any statutory provisions toll the statute of limitations as applied to Abdulrazzak's claim. In a § 1983 action, courts apply the "tolling laws of the state where the claim accrues." *Bourassa v. United States*, 581 F. Supp. 3d 1188, 1197 (D.S.D. 2022). The South Dakota legislature has enacted three provisions, applicable to civil rights actions, that toll the statute of limitations. SDCL §§ 15-2-20, -22, -25.

13

First, the statute of limitations is tolled when a cause of action accrues against a person who is out of state, until that person returns to South Dakota. SDCL § 15-2-20. Here, there is no allegation that either defendant was outside of South Dakota.

Second, the statute of limitations is tolled by disability, which is limited to minor persons and the mentally ill. SDCL § 15-2-22(1)–(2). The South Dakota legislature has chosen to exclude imprisonment from the list of disabilities, as can be seen by comparing § 15-2-22 with the statute tolling the time to commence an action for the recovery of real property, in which imprisonment is included. *Compare* SDCL § 15-2-22, *with* SDCL § 15-3-14(3). Thus, because it is not alleged that Abdulrazzak was a minor or mentally ill, Abdulrazzak was not disabled within the meaning of § 15-2-22.

Third, the statute of limitations is tolled where "commencement of an action is stayed by injunction or statutory prohibition." SDCL § 15-2-25. No such circumstance applies to Abdulrazzak's action. In short, none of the statutory tolling provisions apply to Abdulrazzak's claim.

The court also weighs whether equitable tolling operates to preserve Abdulrazzak's claim. "For a § 1983 action . . . the issue of equitable tolling, like the underlying statute of limitations, is determined by reference to state law." *Montin v. Est. of Johnson*, 636 F.3d 409, 413 (8th Cir. 2011). "Equitable tolling is a doctrine under which a plaintiff may sue after the statutory time period has expired if he has been prevented from doing so due to inequitable circumstances." *Dakota Truck Underwriters v. South Dakota Subsequent Injury*

14

*Fund*, 689 N.W.2d 196, 202 (S.D. 2004). The availability of equitable tolling in civil cases in South Dakota is an unsettled question, but at a minimum requires a showing of "inequitable circumstances not caused by the plaintiff that prevent[ed] the plaintiff from timely filing." *In re Est. of French*, 956 N.W.2d 806, 811–12 (S.D. 2021) (quoting *Anson v. Star Brite Inn Motel*, 788 N.W.2d 822, 826 (S.D. 2010)). It should be applied "where a party acts diligently, 'only to find himself caught up in an arcane procedural snare.' " *Dakota Truck Underwriters*, 689 N.W.2d at 202 (quoting *Warren v. Dep't of Army*, 867 F.2d 1156, 1160 (8th Cir. 1989)).

Abdulrazzak had three years from June 28, 2018, to file his § 1983 complaint. If he had filed the complaint within eight months of October 5, 2020, the date the United States Supreme Court denied certiorari, he would have been within the statute of limitations period. *See Abdulrazzak v. South Dakota Bd. of Pardons & Paroles*, 141 S. Ct. 290 (2020); SDCL § 15-2-15.2. Abdulrazzak does not make any showing that inequitable circumstances prevented him from timely filing. His circumstances do not present an arcane procedural snare that prevented him from timely filing. Thus, no reason exists for the doctrine of equitable tolling to be applied to Abdulrazzak's claim.

In short, Abdulrazzak's claims against Gries and Thoennes in their individual and official capacities are time-barred by the South Dakota statute of limitations for civil rights claims against state officials, and no tolling statute or doctrine operates to preserve these claims.

### C.   Whether Abdulrazzak's claims against Gries and Thoennes in their official capacities are also barred by the Eleventh Amendment

The Eleventh Amendment "generally bars suits for damages against a state or state officials in their official capacities unless the state waives its sovereign immunity." *Christensen v. Quinn*, 45 F. Supp. 3d 1043, 1059 (D.S.D. 2014) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)). As employees of the South Dakota Unified Judicial System, both Gries and Thoennes are state officials. Because Abdulrazzak's § 1983 suit against Gries and Thoennes seeks damages and is brought against state officials in their official capacities, it must "be treated as [a suit] against the State." *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *see also* Docket 19 at 2–3, 7. Here, there is no indication that the State of South Dakota has waived sovereign immunity. Thus, Abdulrazzak's claims seeking damages against Gries and Thoennes in their official capacities are barred by the Eleventh Amendment in addition to the statute of limitations.

For the reasons discussed above, Gries and Thoennes's motion (Docket 21) is granted. Abdulrazzak's claims against Gries and Thoennes in their individual and official capacities are dismissed with prejudice under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii).

### IV.   Abdulrazzak's Claims Against Charissa Warembourg

16

In the amended complaint, Abdulrazzak asserts claims for denial of access to the courts against Charissa Warembourg, Mike Durfee State Prison mailroom supervisor, in her individual and official capacities. Docket 19 at 2. When screening the complaint under 28 U.S.C. § 1915, the court dismissed Abdulrazzak's claims against Warembourg because Abdulrazzak failed to state a claim that Warembourg failed to properly supervise prison mailroom employees, or that she "directly participated in the delay of his legal mail." Docket 5 at 9. Abdulrazzak has not alleged any new facts that would change the court's analysis. *See* Docket 19 at 6. Thus, Abdulrazzak's claims against Warembourg in her individual and official capacities are dismissed for the same reasons stated in the court's screening order. *See* Docket 5 at 9. Moreover, Abdulrazzak's claims against Warembourg are time barred by the statute of limitations for the same reasons that his claims against the other defendants are outside of the statutory period. See *supra* Section III.A–B. Abdulrazzak's claim against Warembourg in her official capacity must also be dismissed because it is a § 1983 suit for damages brought against a state official and is therefore barred by the Eleventh Amendment absent a waiver of state sovereign immunity. *See supra* Section III.C.

For the reasons discussed, Abdulrazzak's claims against Warembourg in her individual and official capacities are dismissed with prejudice under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii).

**V.    Abdulrazzak's Claims Against Minnehaha County and the City of Sioux Falls**

In the amended complaint, Abdulrazzak restated the claims from the complaint asserted against Minnehaha County and the City of Sioux Falls. Docket 19 at 3–4, 6; *see also* Docket 1 at 3–4. The court dismissed these claims in its previous order because the employees that Abdulrazzak asserted violated his right of access to the courts were employees of the State of South Dakota and not Minnehaha County or the City of Sioux Falls. Docket 5 at 5–6. Abdulrazzak's claims against Minnehaha County and the City of Sioux Falls must be dismissed for the additional reason that any claim against either entity accrued at the latest when the circuit court dismissed Abdulrazzak's appeal, and thus the statute of limitations period has expired. *See supra* Section III.A– B. Thus, Abdulrazzak's claims against Minnehaha County and the City of Sioux Falls are dismissed with prejudice under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B)(ii).

## VI.   Abdulrazzak's claims against John Doe and Jane Doe

In the amended complaint, Abdulrazzak brings claims for denial of access to the courts against John Doe and Jane Doe in their individual and official capacities. For the same reasons discussed previously, Abdulrazzak's claims against defendants John Doe and Jane Doe are barred by the statute of limitations. *See supra* Section III.A–B. Moreover, Abdulrazzak's claims against John Doe and Jane Doe in their official capacities, as § 1983 suits for damages brought against state officials, are barred by the Eleventh Amendment absent a waiver of state sovereign immunity. *See Supra* Section III.C. Thus, Abdulrazzak's claims against John Doe and Jane Doe are barred by the

18

Eleventh Amendment in addition to the statute of limitations and are dismissed with prejudice under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii).

## VII.   Abdulrazzak's Motion for Discovery

The court also considers Abdulrazzak's motion for discovery seeking the identities of John Doe and Jane Doe. Docket 29 at 1. Abdulrazzak asks the court "to subpoena South Dakota Department of Corrections, Mike Durfee State Prison and/or any state agency who may have control over the actual names of Mike Durfee State Prison mailroom employees" employed during the relevant timeframe in May of 2017. *Id.* at 4.  Because the claims against the Doe defendants are dismissed, this motion is denied as moot. *See supra* Section VI.

## CONCLUSION

Abdulrazzak failed to file his claims within the statute of limitations period. Abdulrazzak's claims seeking damages from Gries, Thoennes, Warembourg, John Doe, and Jane Doe in their official capacities are barred by the Eleventh Amendment. Abdulrazzak also fails to state a claim on which relief can be granted against the City of Sioux Falls and Minnehaha County. Thus, it is ORDERED:

1. That Defendants' motion to dismiss (Docket 21) is granted.

2. That Abdulrazzak's remaining claims in the amended complaint (Docket 19) against Charissa Warembourg, the City of Sioux Falls,

19

Minnehaha County, John Doe, and Jane Doe, are dismissed with prejudice.

3. Abdulrazzak's motion for discovery (Docket 29) is denied.

4. Abdulrazzak's motion to strike (Docket 32) is granted.

Dated February 13, 2024

BY THE COURT:

*/s/ Karen E. Schreier*

KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE